<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JETON SUTAJ, | : | Civil Action No. 16-5092 (JMV) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| ORLANDO RODRIGUEZ, | : | |
| Respondent. | : | |

APPEARANCES:

Perham Makabi, Esq.
125-10 Queens Blvd., Suite 6
Kew Gardens, NY 11415
  on behalf of Petitioner

Allan B.K. Urgent
Office of the U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
  on behalf of Respondent

**VAZQUEZ**, United States District Judge

On August 19, 2016, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), challenging his prolonged detention by U.S. Immigration and Customs Enforcement ("ICE"). On October 7, 2016, Respondent filed a response to the petition, opposing habeas relief on the basis that Petitioner is detained pursuant to 8 U.S.C. § 1187(c)(2), and is not entitled to a bond redetermination. (ECF No. 6.). 8 U.S.C. § 1187(c)(2) describes the requirements for a country to be designated as a program country under the Visa Waiver Program ("VWP").

I. BACKGROUND

In his petition, Petitioner alleges he has been in the custody of ICE and held in Elizabeth Detention Center in Elizabeth, New Jersey since September 3, 2015. (ECF No. 1, ¶¶2-3.) Petitioner is a citizen of Albania. (*Id.,* ¶2.) He entered the United States on March 4, 2015, using a false Italian passport. (*Id.*, ¶15; ECF No. 6 at 2.) He was paroled into the United States for ninety days for criminal prosecution. (ECF No. 6 at 2.) On April 28, 2015, in the United States District Court, Eastern District of New York, Petitioner pleaded guilty to false use of a passport, in violation of 18 U.S.C. § 1543. (ECF No. 1 at 6-7.) He was sentenced to a 6-month term of imprisonment. (*Id.*)

On September 3, 2015, Petitioner signed a sworn statement before a Border Protection Officer at JFK airport, stating that the purpose of his arrival in the United States on March 4, 2015 was to seek asylum. (ECF No. 6-1, Ex. A at 3.) He expressed fear of persecution by the Albanian government if he were to return. (*Id.*) Petitioner was found inadmissible, and he was processed as a "Visa Waiver Refusal with a Limited Review Hearing." (ECF No. 6-1, Ex. C at 6.) Petitioner was served with a Form I-863, "Notice of Referral to Immigration Judge," for asylum-only proceedings. (ECF No. 6-1, Ex. D at 1.) Asylum-only proceedings are governed by 8 C.F.R. § 1208.2(c)(3)(i). *See Zine v. Mukasey*, 517 F.3d 535, 543 (8th Cir. 2008) (finding that aliens who enter under the VWP by presenting false travel documents and then apply for asylum are issued a Form I-863 for asylum-only proceedings under 8 C.F.R. § 1208.2(c)(3)(i)) (citing 8 C.F.R. § 217.4(a)).

A hearing was scheduled for Petitioner's asylum-only proceedings on September 21, 2015. (ECF No. 6-1, Ex. E.) Petitioner's counsel requested an adjournment until October 1, 2015. (*Id.*) On October 1, 2015, the hearing was adjourned again because Petitioner did not provide an original

of his Form I-589 application to the Immigration Court. (ECF No. 6-2, Ex. F at 5.) On October 22, 2015, the Immigration Judge ("IJ") reviewed the exhibits with the parties and scheduled a merits hearing for February 8, 2016. (*Id.*; Ex. H.)

On February 8, 2016, the Immigration Court entered a briefing schedule and reset the merits hearing for March 8, 2016. (*Id.*, Ex. I.) At the hearing on March 8, 2016, the IJ denied Petitioner's application for asylum, withholding of removal, and request for protection under the Convention Against Torture ("CAT"). (ECF Nos. 6-2 and 6-3, Ex. J, K.) Petitioner appealed, and requested an extension of the deadline to file briefs. (ECF No. 6-3, Ex. L.) On July 13, 2016, the BIA affirmed denial of asylum and withholding of removal but remanded for further proceedings pursuant to the CAT. (*Id.*, Ex. M.) A merits hearing was held on December 6, 2016, and the IJ denied Petitioner's application for relief pursuant to the CAT. (ECF No. 9.) Petitioner appealed to the BIA, and his appeal is pending. (*Id.*)

## II.     DISCUSSION

### A.     The Visa Waiver Program

The VWP permits aliens from certain countries to enter the United States for ninety days without a visa. *Shehu v. Attorney General*, 482 F.3d 652, 654 (3d Cir. 2007). Aliens who are admitted under this program must forfeit their right to challenge the basis for removal, but they may still apply for asylum, withholding of removal, and relief under the CAT. *Id.* (citing 8 U.S.C. § 1187(b)). Section 1187(b)(2) provides that an alien may not be provided a visa waiver under the VWP program unless the alien waives any right "to contest, other than on the basis of an application for asylum, any action for removal of the alien." Therefore, VWP participants are granted an asylum-only hearing. *Id.* at 655 (citing 8 C.F.R. § 208.2(c)(i)). If such relief is denied, the VWP participant can be removed without further process. *Id.* (citing 8 C.F.R. § 217.4(a)(1)).

3

Denial of a VWP participant's application for asylum, withholding of removal, and relief under CAT, constitutes a final order of removal. *Id.* (citing 8 U.S.C. § 1252(a)(1); 8 C.F.R. § 217.4(a)(1)).

Procedures under the VWP are governed by 8 C.F.R. § 1208.2(c)(3). Section 1208.2(c)(3)(i), in pertinent part, limits VWP proceedings before an IJ to a determination of whether the alien is eligible for asylum or withholding or deferral of removal, and whether asylum shall be granted in the exercise of discretion. The regulation also states, "[d]uring such proceedings, all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief." *Id.*

VWP regulations also address the possibility of aliens fraudulently entering the program by using false passports of participant countries. *See Bayo v. Napolitano*, 593 F.3d 495, 501 (7th Cir. 2010) (citing 8 C.F.R. § 217.4(b)); *see also In re Kanagasundram*, 22 I. & N. Dec. 963, 964 (B.I.A.1999) ("[T]he provisions of 8 C.F.R. § 217.4 are not limited to aliens who are actually nationals of [VWP] designated countries, but specifically encompass individuals who present fraudulent and counterfeit travel documents from such countries.")) "[A]pplying the terms of the VWP to ineligible aliens may also confer on them the possible benefit in asylum cases of being able to skip the credible-fear interview and proceed directly to an IJ." *Bayo*, 593 F.3d at 502 (citing *Kanagasundram*, 22 I. & N. Dec. at 964). In *Bayo*, the Seventh Circuit held that the Attorney General, in balancing several factors in the course of interpreting the VWP statute, was entitled to "adopt an approach that preserves the government's ability to remove aliens who fraudulently enter under the VWP just as promptly as it can remove legitimate VWP entrants." *Id.* at 502.

B. In the Matter of A.W.

In 2009, the BIA held that the statutory authority to detain an alien, who was a VWP Violator, was found in 8 U.S.C. § 1187(c)(2)(E) (West Supp. 2008), not 8 U.S.C. § 1226 (2006). *See Matter of A.W.*, 25 I. & N. Dec. at 48, 2009 WL 8628885, at *3 (BIA 2009). The BIA noted it was well established that IJs have the authority only to consider matters delegated to them by the Attorney General and the Immigration and Nationality Act. *Id.* at *2. The authority to detain an applicant was transferred from the Attorney General to the Secretary of Homeland Security pursuant to the Homeland Security Act of 2002, assigning many of the functions previously exercised by the Attorney General to the Secretary of Homeland Security. *Id.* at *2. The BIA observed that the references to the Attorney General in section 217 of the INA now referred to the Secretary of Homeland Security. *Id.* The BIA reasoned that "[b]ecause the Attorney General no longer has authority over bond proceedings relating to aliens, like the applicant, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge." *Id.*

C. Immigration Detention

8 U.S.C. § 1226(a) authorizes discretionary detention of all aliens during their removal proceedings. *Contant v. Holder*, 352 F. App'x 692, 694 (3d Cir. 2009). Aliens detained under Section 1226(a) may be released if they demonstrate they are not a danger to persons or property and they are likely to appear for future removal proceedings. *Id.* at 695 (citing 8 C.F.R. § 236.1(c)(8)). Such aliens may request a bond redetermination hearing before an IJ, pursuant to 8 C.F.R. § 236.1(c)(8). An IJ may grant the request for bond redetermination if the alien's circumstances have materially changed since the prior bond redetermination. *Id.* (citing 8 C.F.R. § 1003.19(e)). Furthermore, the alien may appeal the IJ's bond decision to the BIA. *Id.* at 696

(citing 8 C.F.R. § 236.1(d)(3)).

8 U.S.C. § 1226(c)(1) mandates that the Government "take into custody" aliens who are convicted of certain crimes or have engaged in certain terrorist activities. Detention without the possibility of bond "for a reasonable period of time" pursuant to § 1226(c) is constitutional. *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 223 (3d Cir. 2011). Section 1226(c) detention may raise constitutional concerns if detention becomes unreasonably prolonged. *Id.* Pursuant to *Diop*, the reasonableness of a period of detention is "a function of whether it is necessary to fulfill the purpose of the statute." *Id.* at 234. Once detention becomes unreasonably prolonged, "the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 231.

The Third Circuit later addressed the contours of a reasonable period of detention. In *Chavez-Alvarez*, the Third Circuit noted that after six months of detention, "and certainly by the time [the petitioner] had been detained for a year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015).

In *Zadvydas v. Davis*, the Supreme Court considered a due process challenge to detention of aliens who had been admitted to the United States but who were under a final order of removal pursuant to 8 U.S.C. § 1231(a)(6). 533 U.S. 678 (2001). Section 1231(a)(6) allows the Attorney General discretionary authority to further detain an alien who has been ordered removed but has not been removed during the 90-day statutory removal period. *Id.* at 699. In *Zadvydas*, the alien's detention was indefinite and potentially permanent. *Id.* at 690-91. To avoid finding the statute unconstitutional, the Supreme Court read § 1231 to authorize detention beyond the 90-day removal

period only as reasonably necessary to secure the alien's removal. *Id.* The Supreme Court determined that six months is a presumptively reasonable period of detention. *Id.* at 689. Where an alien's removal was "no longer practically attainable" the detention no longer served the purported immigration purpose. *Id.* An alien under those circumstances must be released if he can show that there is no significant likelihood of his removal in the reasonably foreseeable future. *Id.*

### D. Statutory Basis for Detention

Petitioner contends the sole statutory authority for his detention is under 8 U.S.C. § 1226(a), which requires a bond hearing. (ECF No. 1, ¶4.) As noted, aliens detained under Section 1226(a) may request a bond redetermination hearing before an IJ, pursuant to 8 C.F.R. § 236.1(c)(8). Respondent submits that ICE makes the sole discretionary custody determination for a VWP applicant pursuant to 8 C.F.R. § 1208.2(c)(3)(i), and the applicant is not entitled to any additional custody determination before an immigration judge. (ECF No. 6 at 10-12, citing *Matter of A.W.*, 2009 WL 8628885, at *1 n. 1 (BIA 2009.))[1]

Petitioner contends the BIA's interpretation of 8 C.F.R. § 1236.1(a)-(d) and 8 C.F.R. § 1208.2(c)(3)(i) is unreasonable and inconsistent with 8 C.F.R. § 1236.1(c)(11) and 8 C.F.R. § 1003.19(h). (ECF No. 1, ¶30.) Section 1236.1(c)(11) provides "[a]n immigration judge may not exercise the authority provided in this section [apprehension, custody and detention] and the review process described in paragraph (d) of this section [appeals from custody decisions] shall not apply, with respect to any alien beyond the custody jurisdiction of the immigration judge as

---

[1] The Court notes that neither party addressed the authority to detain aliens treated as applicants for admission under 8 U.S.C. §§ 1225(a)(1) and (b)(1)(B)(iii)(IV), which may be relevant to Petitioner's circumstances. Pursuant to § 1225 (b)(1)(B)(iii)(IV), applicants for admission "shall be detained pending a final determination of credible fear of persecution, and, if found not to have such a fear, until removed."

provided in § 1003.19(h) of this chapter." 8 C.F.R. § 1003.19(h)(ii) states, in relevant part, "[n]othing in this paragraph shall be construed as prohibiting an alien from seeking a redetermination of custody conditions by the Service in accordance with part 1235 or 1236 of this chapter."

Petitioner acknowledges that § 1208.2(c)(3)(i) prohibits parties from raising any substantive issue or any other form of relief in asylum-only proceedings. (*Id.*, ¶27.) Bond hearings, however, are purely procedural. (*Id.* ¶26.) Thus, Petitioner contends:

> 8 C.F.R. § 1208.2[c](3)(i) provides that asylum-only proceedings "shall be conducted in accordance with the same rules of procedure as proceedings conducted under 8 CFR part 1240, subpart A [regular removal proceedings]." Thus, under this regulation, the regular bond provisions of 8 C.F.R. § 1236.1 and 8 C.F.R. § 1003.19 should apply to asylum-only proceedings as bond is clearly procedural and does not relate to the substantive relief of asylum."

(*Id.*) Respondent asserts 8 C.F.R. § 1236 pertains only to removal proceedings and not VWP proceedings. (ECF No. 9 at 2.)

Pursuant to the Supreme Court's holding in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, an agency's construction of a statute is permissible and given controlling weight unless it is arbitrary, capricious, or manifestly contrary to the statute. 467 U.S. at 844. "The judiciary" must "afford an agency discretion to interpret ambiguous provisions of the agency's organic or enabling statute." *Swallows Holding, Ltd. v. C.I.R.*, 515 F.3d 162, 169 (3d Cir. 2008) (citing *Chevron*, 467 U.S. at 842-43). If a statutory provision is ambiguous, "such ambiguity is viewed as an implicit congressional delegation of authority to an agency, allowing the agency to fill the gap with a reasonable regulation." *Id.* (quoting *MCI Telecomm. Corp. v. Bell Atlantic–Pa.*, 271 F.3d 491, 515–16 (3d Cir. 2001). Courts must "accord [] *Chevron* deference [to the BIA] as it gives ambiguous statutory terms 'concrete meaning through a process of case-by-case

8

adjudication.'"" *Smriko v. Ashcroft*, 387 F.3d 279, 297 (3d Cir. 2004) (quoting *INS v. Aguirre–Aguirre*, 526 U.S. 415, 425 (1999)). To accord *Chevron* deference, a court first must ask whether "'the statute is silent or ambiguous with respect to the specific issue'" before it; if so, 'the question for the court is whether the agency's answer is based on a permissible construction of the statute.'" *Aguirre-Aguirre,* 526 U.S. 415, 424 (1999) (quoting *Chevron*, 467 U.S. at 843.))

This Court has found only one decision addressing the statutory issue presented here.[2] In *Neziri v. Johnson*, the petitioner, an Albanian citizen, was admitted to the United States under the VWP by using a false Italian passport. Civ. Action No. 15-cv-13282-IT, 2016 WL 2596017 at *1. (D. Mass. May 5, 2016). After cooperating with the FBI in a criminal investigation, ICE gave Neziri deferred action status and allowed him to remain in the United States and obtain employment authorization. *Id.* After Neziri was twice arrested for operating a vehicle under the influence, ICE revoked Neziri's deferred action status and ordered him removed as a VWP Violator. *Id.*

The respondent argued that Neziri was not being detained pursuant to 8 U.S.C. § 1226, but that his detention was pursuant to 8 U.S.C. § 1187(c)(2). *Id.* at *2. The respondent asked the court to defer to the BIA's decision in *Matter of A.W.*, and hold that an IJ does not have jurisdiction to redetermine the conditions of custody of an alien admitted pursuant to the VWP. *Id.*

The court in *Neziri* addressed the BIA's construction of 8 U.S.C. § 1226 in light of *Chevron*. Noting that 8 U.S.C. § 1226 explicitly provides for detention and release of aliens during their removal proceedings, the court in *Neziri* found that Congress had spoken directly to the

---

[2] Although the issue was raised in *Bacuku v. Aviles*, the Court did not reach the issue of whether the petitioner was detained under 8 U.S.C. § 1187 or 8 U.S.C. § 1226(c) because the factual circumstances surrounding the petitioner's entry were hazy, and the respondent conceded that the Due Process Clause limits detention of VWP entrants claiming asylum to a reasonable period of time. *Bacuku*, Civ. Action No. 15-2543(MCA), 2016 WL 818894 (D.N.J. March 2, 2016).

question at issue, and the regulations implementing 8 U.S.C. § 1226(a) provide for a bail hearing before an IJ. *Neziri*, 2016 WL 2596017, at *2. The court rejected the BIA's finding that "[t]he Attorney General no longer has statutory authority over bond proceedings relating to aliens . . . who have been admitted pursuant to the Visa Waiver Program." *Id.* at *3.

The court in *Neziri* recognized that the Homeland Security Act of 2002 transferred virtually all immigration enforcement and administrative functions vested in the Attorney General to the Secretary of Homeland Security, but also found that there was no reason why the Secretary of Homeland Security could not delegate authority to IJs under 8 U.S.C. § 1226(a). *Id.* The court further noted there is nothing in 8 U.S.C. § 1187(c)(2)(E) about detaining aliens. *Id.*

This Court agrees with the reasoning of the *Neziri* court - the BIA arbitrarily and capriciously interpreted the effect of transferring the delegation of immigration enforcement and administrative functions from the Attorney General to the Secretary of Homeland Security. The transfer of authority did not expressly strip the Secretary of Homeland Security of the authority to delegate to an IJ the powers under 8 C.F.R. § 1236.1(d) previously delegated to the Attorney General, and there is no reason to believe there was an intention to do so.

Furthermore, a plain reading of 8 C.F.R. § 1208.2(c)(3)(i) suggests that it limits only the substantive relief from removal for VWP entrants or violators. Allowing VWP violators who are in custody to request a bond redetermination hearing under 8 C.F.R. § 1236.1(d) does not frustrate the intent of the VWP program to limit the types of substantive relief available. A bond determination is a procedural, not substantive, function.

This Court, therefore, concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), and he may seek a bond redetermination pursuant to 8 C.F.R. § 1236.1(d). The Court declines Petitioner's invitation to exercise jurisdiction over a bond hearing. Given the holding, the Court

need not reach the issue of whether due process requires that Petitioner be afforded a bond hearing.

### III. CONCLUSION

For the reasons discussed above, the Court will grant Petitioner's petition for a writ of habeas corpus, and order Respondent to provide Petitioner a bond redetermination hearing in accordance with 8 C.F.R. § 1236.1(d)(1) and 8 C.F.R. § 1003.19.

An appropriate Order follows.

Date January 5, 2017      s/ John Michael Vazquez
At Newark, New Jersey      JOHN MICHAEL VAZQUEZ
    United States District Judge